ALEXANDER *v.* MULLEN ET AL.

PLEADING.—*Injunction.*—*Levy of Execution.*—Complaint by A., alleging that B. recovered a judgment against A. and a turnpike company; that execution was issued on the judgment; that the sheriff had levied the execution on the house and lot of A., being his homestead and dwelling-house; and that at the time of the levy and before, A. and the turnpike company offered to give up a toll-house to be levied upon and sold to satisfy the execution. Prayer, that the sheriff be enjoined from selling the house and lot of A.

*Held*, that the complaint was bad, for not averring that the toll-house belonged to the execution defendants, or one of them.

APPEAL from the Henry Circuit Court.

DOWNEY, J.—The only question in this case is as to the sufficiency of the complaint, which was adjudged bad on demurrer in the circuit court. The appellant, in the complaint, alleges that at the May term of the said circuit court, in the year 1871, Eliza Slatter recovered a judgment against the North-Western Turnpike Company and the appellant for a certain amount of money; that an execution of *fieri facias* was issued upon the judgment and placed in the hands of said Mullen as sheriff of said county; and that the sheriff had levied the same upon the house and lot of the appellant, being his homestead and dwelling-house, a description of which is given in the complaint. It is then alleged, "that at and before the time said execution was levied, the plaintiff, Harvey Alexander, and the North-Western Turnpike Company, by their directors, offered to give up to said sheriff one toll-house situated in said county, of the value of five hundred dollars, and they still offer to

give up, to be sold upon said execution, said toll-house. Wherefore the plaintiff prays that the said sheriff be enjoined from selling said dwelling-house, until he has exhausted the other property of the defendants, and until he has first levied upon and sold said toll-house."

It is very clear that the circuit court committed no error in sustaining the demurrer to the complaint. An objection to the complaint which lies at the surface is, that it does not appear that the toll-house, which was turned out to be levied upon by the sheriff, was owned by the execution defendants or either of them. We think there may be other objections to the complaint, but we need not decide whether there are or not.

The judgment is affirmed, with costs.

*J. Brown* and *R. L. Polk*, for appellant.

*M. E. Forkner* and *E. H. Bundy*, for appellees.